## LAFORGE *v.* MAGEE.

A board of supervisors has no power to set apart a portion of the revenue of the county, as a fund for current expenses.

The Act creating the office of county treasurer, provides that warrants drawn on the treasury shall be paid in the order of their registry, and this order of payment cannot be changed by the supervisors.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

This was a petition for a peremptory mandamus, directed to the defendant as county treasurer, to compel the payment of certain warrants on the county treasury, held by plaintiff. The petition avers that plaintiff's warrants are prior in registry to any other outstanding warrants, or other unfunded indebtedness of the county.

The answer admits the material allegations of the petition, but sets up in defence an order of the board of supervisors of the county, setting aside two-thirds of the revenue for payment of the current expenses of the county, in compliance with which order, defendant refused to appropriate the money thus set apart, to the payment of plaintiff's warrants. The Court below ordered the mandamus to issue. Defendant appealed.

*Smith & Hardy* for Appellant.

*Robinson, Beatty & Sackett* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The only important question involved in this case, is the power of the board of supervisors to set apart a portion of the revenue of the county, as a fund for current expenses.

In the absence of a statute on this subject, there is no doubt that the supervisors, as the fiscal agents of the county, might direct the disposition of its revenues. But the Act creating the office of county treasurer, provides that warrants drawn on the treasury shall be paid in the order of their registry; this amounts to an appropriation, and a general law cannot be suspended or repealed by the supervisors, particularly when no authority is conferred on them to perform the particular act.

In the case of Thompson *v.* Rowe, 2 Cal. Rep., the decision turned on the fact that the Legislature had conferred plenary powers upon the

19

Court of Sessions, with regard to the county revenue; except as to the application of one-half of the revenue, which was expressly devoted to the current expenses of the year.   We know of no rule of construction which would authorize the supervisors, who are the creatures of the Legislature, in changing the order of payment directed by law, or diverting the revenues of the county from their legitimate purposes.

Judgment affirmed.